**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD KIMBRO, <br><br> Petitioner, <br><br> v. <br><br> MARIPOSA DISTRICT ATTORNEY, et al., <br><br> Respondents. | No. 1:24-cv-00730 JLT SKO (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO APPOINT COUNSEL, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE <br><br> (Docs. 5, 9) |

Richard Kimbro is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The assigned magistrate judge issued Findings and Recommendations to summarily dismiss the petition for lack of jurisdiction. (Doc. 5.) The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 5.) Petitioner filed objections along with a motion to appoint counsel. (Docs. 8, 9.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. In his objections, Petitioner complains that he is serving an illegal sentence and he should never have been sentenced to a 15 years-to-life sentence as reflected in the abstract of judgment. As noted by the magistrate judge, that claim is barred as successive. (Doc. 5 at 2.) Permission to file a successive petition was denied by the Ninth Circuit in its transfer to this Court on June 21,

2024. (Doc. 2.) Petitioner also complains that the parole board erred in finding him unsuitable for parole. The magistrate judge correctly concluded that the Court lacks jurisdiction to review the parole board's substantive decision. *See Swarthout v. Cooke*, 562 U.S. 216 (2011). Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Petitioner has also filed a motion for appointment of counsel. (Doc. 9.) There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time as it is clear the Court lacks jurisdiction.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

2

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 27, 2024, (Doc. 5), are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. Petitioner's motion for appointment of counsel (Doc. 9) is **DENIED**.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 18, 2024**

UNITED STATES DISTRICT JUDGE